UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RICHARD,

    Plaintiff,                           No. 12-12516

v.                                        District Judge Avern Cohn
                                          Magistrate Judge R. Steven Whalen

MICHAEL BOUCHARD, ET AL.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Michael Richard's Motion for Judgment by Default [Doc. #11], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be DENIED.

### I.    FACTS

Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint against Oakland County Sheriff Michael Bouchard, Sheriff's Deputies Brian Spiker, Donald Sheltrown, Gregory Sako and Craig Hanselman, and Jail Nurse Greg A. Smith, arising out of incidents alleged to have occurred while Plaintiff was a pretrial detainee in the Oakland County Jail. He alleges that he served all of these Defendants by certified mail, and has attached return receipts to the Motion. The return receipt for Sheriff Bouchard is not signed. The return receipts for Sheltrown, Hanselman, Sako and Smith are not signed by these Defendants, but are stamped with the name "Jim Middleton." Attached to a separate letter to the Court [Doc. #9] is a return receipt for Defendant Spiker, again bearing only the stamped name "Jim

Middleton." The dates of receipt on the return receipts range from September 24, 2012 to October 9, 2012.

On October 30, 2012, counsel for Defendants filed a Notice of Appearance [Doc. #12]. On November 9, 2012, Defendants filed a Motion for Summary Judgment [Doc. #13].[1]

Plaintiff alleges that because these Defendants did not file an answer or otherwise respond to his Complaint within 21 days of service, he is entitled to a default judgment.

## II. DISCUSSION

There are three reasons why a default judgment should not be entered.

First, in order for a plaintiff to obtain a judgment by default, he must first obtain a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default *judgment* is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local #*

---

[1] Although titled "Motion for Summary Judgment," Defendants' pleading seeks dismissal under Fed.R.Civ.P. 12(b)(6).

*245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

In this case, the Clerk has not entered a default under Rule 55(a). Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).

Secondly, Plaintiff has not shown that the Defendants were properly served. Fed.R.Civ.P. 4(e)(1) provides that service of process may be made "pursuant to the law of the state in which the district court is located, or in which service is effected."  Under Michigan law, specifically M.C.R. 2.105(A)(2), service may be effected as follows:

> "(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt *signed by the defendant* must be attached to proof showing service under subrule (A)(2)." (Emphasis added).

None of the Defendants signed the return receipts; rather, each bore the stamp of non-party Jim Middleton. Sheriff Bouchard's receipt was not signed at all. A default judgment may not be entered against a party who has not been properly served.

Finally, notwithstanding defective service, the Defendants have filed a dispositive motion in lieu of an answer. That motion will be decided on the merits.

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Judgment by Default [Doc. #11] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 23, 2013
                                                                s/ R. Steven Whalen
                                                                R. STEVEN WHALEN
                                                                UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 23, 2013, electronically and/or by U.S. mail.

                                                                 s/Michael Williams
                                                                 Relief Case Manager for the
                                                                 Honorable R. Steven Whalen