UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RICHARD,

      Plaintiff,                                     No. 12-12516

v.                                               District Judge Avern Cohn
                                                    Magistrate Judge R. Steven Whalen

MICHAEL BOUCHARD, ET AL.,

      Defendants.
_____/

**ORDER CONDITIONALLY GRANTING
MOTION TO APPOINT COUNSEL AND STAYING CASE**

      Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Before the Court is his motion to appoint counsel [Docket #28].

      Unlike criminal cases, there is no constitutional or statutory right to the appointment of counsel in civil cases. Rather, the Court requests members of the bar to assist in appropriate cases. In *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993), the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (Internal quotations and citations omitted). However, when "it is apparent to a district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel." *Wright v. Dallas County Sheriff Dept.*, 660 F.2d 623, 625 (5th Cir. 1981), citing *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). *See also Shields v. Jackson*, 570 F.2d 284, 285 (8th Cir. 1978) (appointment of counsel for an indigent prison inmate would advance the proper

-1-

administration of justice); *Stringer v. Rowe*, 616 F.2d 993, 1001 (7th Cir. 1980). In *Knighton v. Watkins*, 616 F.2d 795, 799 (5th Cir. 1980), the Fifth Circuit explained the benefit of appointing counsel in meritorious cases:

> "If such a complaint has merit, the serious allegations must be separated from those that are frivolous and from the irrelevant commentary that is usually included. It is a service to the court for counsel to explain the applicable legal principles to the complainant and to limit litigation to potentially meritorious issues. In addition, appointment of a lawyer provides the unlettered inmate with an opportunity to obtain representation equally qualified with the professional counsel usually provided by the state for the defendant."

This case has survived a motion to dismiss filed by Defendants Donals Sheltrown, Gregory Sako, Craig J. Hanselman, and Greg A. Smith, and involves colorable legal and factual issues under 42 U.S.C. § 1983 and the Fourteenth Amendment. It would benefit the parties, as well as the Court, for Plaintiff to be represented, and the Court will endeavor to enlist *pro bono* counsel.

**IT IS ORDERED** that Plaintiff's motion to appoint counsel [Doc. #28] is CONDITIONALLY GRANTED, conditioned on the Court's success in enlisting *pro bono* counsel.

**IT IS FURTHER ORDERED** that if reasonable efforts to assign *pro bono* counsel are unsuccessful, this matter will be returned to the Court's docket and Plaintiff may proceed *pro se*.

**IT IS FURTHER ORDERED** that further proceedings in this case are hereby stayed until further order, pending the Court's attempt to secure *pro bono* counsel.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: November 4, 2013

I hereby certify that a copy of the foregoing document was sent to parties of record on November 4, 2013, electronically and/or by U.S. mail.

s/Carolyn Ciesla for Michael Williams
Relief Case Manager for the Honorable
R. Steven Whalen
